UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV166-V
(3:97cr22)

IVEY WALKER,           )
                       )
    Petitioner,        )
                       )
        v.             )    O R D E R
                       )
UNITED STATES OF AMERICA, )
    Respondent.        )
_____)

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Or Correct Sentence, dated March 25, 2010[1] (Doc. No. 1).

## I. Factual and Procedural Background

A review of the record reflects that on July 6, 1998, the Petitioner was indicted on one count of conspiracy to possess with intent to distribute and distribution of cocaine, cocaine base, heroin and marijuana, in violation of 21 U.S.C. §§ 846 and 841 and with one count of conspiracy to money launder, in violation of 18 U.S.C. § 1956. After a jury trial in September 1998, the Petitioner was found guilty on both counts. On November 16, 1999, the Honorable Lacy Thornburg, who has since retired, sentenced the Petitioner to life imprisonment in connection with the drug conviction and to 240 months imprisonment on the money laundering conviction. Petitioner filed a direct appeal and the Fourth Circuit Court of Appeals affirmed his convictions and sentences. United States v. Mackins, 315 F.3d 399 (4th Cir. 2003).

---

[1] Consistent with the prison mailbox rule announced in Houston v. Lack, 487 U.S. 266 (1988), this Court will deem Petitioner's motion filed on the date it placed in the prison mailing system.

1

On February 20, 2002, while his direct appeal was pending, Petitioner filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (See 3:03cr66, Doc. No. 1.) Judge Thornburg dismissed Petitioner's § 2241 for lack of jurisdiction noting that such motion must be filed in the district of confinement. (Id. Doc. No. 3.) Petitioner appealed the dismissal and while the Fourth Circuit agreed that § 2241 petitions must be brought in the district of confinement, the Fourth Circuit instructed the district court to construe the motion as one pursuant to 28 U.S.C. § 2255. Walker v. Conner, 72 Fed. App'x 3 (4th Cir. 2003). On August 14, 2006, Judge Thornburg granted in part and denied in part Petitioner's § 2255 Motion and reduced Petitioner's life sentence to 240 months imprisonment. (3:02cv66 Doc. No. 43.) Both the Government and Petitioner filed separate appeals of the district court's Order.[2] On October 31, 2008, in response to the Government's appeal, the Fourth Circuit vacated the district court's Order and directed that this Court re-imposed the original sentence of life imprisonment. United States v. Walker, 299 Fed. App'x 273 (4th Cir. 2008). On December 30, 2008, consistent with the Fourth Circuit's Order, Judge Thornburg reimposed the original life sentence. ( 3:97cr22, Doc. No. 516.) On January 29, 2009, Petitioner filed a petition for writ of certiorari in the United States Supreme Court of the Fourth Circuit's October 31, 2008 Order directing the district court to re-impose the original sentence of life imprisonment. The Supreme Court denied certiorari on March 2, 2009. (See Court of Appeal docket 06:7582, Doc. Nos. 61 and 62; see also Supreme Court docket 08-8428.) Petitioner dated and delivered the instant motion to prison authorities for mailing on March 25, 2010.

---

[2] By Order dated January 11, 2008, the Fourth Circuit denied Petitioner's certificate of appealability and dismissed his appeal. United States v. Walker, 261 Fed. App'x 575 (4th Cir. 2008).

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this instant case, Petitioner's petition for writ of certiorari was denied by the United States Supreme Court on March 2, 2009. Therefore Petitioner had one year from March 2, 2009 to file his motion to vacate. However, he filed it on March 25, 2010. Using the prisoner mailbox rule or the day Petitioner delivered the motion to prison authorities for mailing, it appears that Petitioner filed the instant motion twenty-three days late.

In his brief in support of his Motion to Vacate, Petitioner argues that the Supreme Court denied his petition for writ of certiorari on March 29, 2009 and that his motion, filed on March

25, 2010 is timely filed.[3] (Doc. No. 1 at 25.) However, a review of the Fourth Circuit docket and the Supreme Court docket reflects that Petitioner is mistaken and that his petition for writ of certiorari was, in fact, denied on March 2, 2009. (Court of Appeal docket 06-7582, Doc. No. 62; Supreme Court docket 08-8428.) Therefore, Petitioner's Motion to Vacate is untimely and his explanation as to why he believes his motion is timely does not justify equitable tolling.

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner is incorrect as to the date that the Supreme Court denied his petition for a

---

[3] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or Motion to Vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Here, Petitioner provided an explanation as to why he believed his motion is timely. Accordingly, given the fact that the Petitioner has attempted to address the timeliness of his Motion to Vacate – albeit unsuccessfully – the Court concludes that it need not provide the Petitioner with any additional notice in this matter.

4

writ of certiorari.  Petitioner believes his petition was denied on March 29, 2009 and he filed the instant Motion to Vacate on March 25, 2010.  However a review of the Court of Appeals docket sheet and the Supreme Court docket reflects that the Supreme Court denied certiorari on March 2, 2009 making his March 25, 2010 Motion to Vacate untimely.  Applying the above cited test to Petitioner's particular situation, Petitioner fails to establish that the facts which prevented him from filing his § 2255 motion on time are extraordinary or out of his control.  Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition.  See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

For the foregoing reasons, this Court concludes that Petitioner's Motion to Vacate is untimely, does not qualify for equitable tolling, and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller - El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**SO ORDERED.**

Signed: April 20, 2010

Richard L. Voorhees
United States District Judge