UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV166-V
(3:97cr22)

| | |
|---|---|
| IVEY WALKER, | ) |
| Petitioner, | ) |
| v. | ) O R D E R |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration of Order April 20, 2010 by Judge Voorhees" filed May 10, 2010. (Doc. No. 4.)

The record reveals that Petitioner filed a Motion to Vacate on March 25, 2010, (Doc. No. 1), and argued that his Motion to Vacate was timely filed because it was filed within one-year of the Supreme Court's March 29, 2009 denial of his certiorari petition. In its Order dismissing Petitioner's Motion to Vacate as untimely, the undersigned pointed out that a review of the Fourth Circuit docket and the Supreme Court docket reflects that Petitioner was mistaken and that his petition for writ of certiorari was, in fact, denied on March 2, 2009 and not March 29, 2009. (Court of Appeal docket 06-7582, Doc. No. 62; Supreme Court docket 08-8428.) Therefore, the undersigned denied Petitioner's Motion to Vacate as untimely and also concluded that his explanation as to why he believed his motion was timely did not justify equitable tolling. (Doc. No. 2.)

Petitioner now moves for reconsideration arguing a completely different explanation as to why this Court should consider his Motion to Vacate timely filed. It seems Petitioner has now

1

abandoned his earlier argument that the Supreme Court denied certiorari on March 29, 2009 and instead posits that he never received notice, from the Court or his counsel, that the Supreme Court denied his certiorari petition until March 11, 2010 when his lawyer finally responded to his correspondence. He argues that when he did receive notice, on March 11, 2010, that the Supreme Court had denied his certiorari petition, the time to file a timely Motion to Vacate had already passed. Petitioner has attached as an exhibit a letter from his attorney dated March 11, 2010 in which his counsel apologizes for not responding to an earlier letter from Petitioner and also encloses a copy of his March 2009 letter indicating that the Supreme Court had denied his certiorari petition. Counsel noted that his March 2009 letter to Petitioner was not returned to his office as undeliverable. Further, and most adverse to Petitioner is the fact that counsel's March 11, 2010 letter was in response to Petitioner's March 1, 2010 letter which stated that counsel "owed [Petitioner] a duty to inform me of my denial of certiorari to protect rights I have. Furthermore, because of your inaction, you have blown my appeal rights." (Ex. 2.) Petitioner's March 1, 2010 letter, written within his one-year limitations period, makes clear that Petitioner was aware of the denial of his certiorari petition prior to the expiration of the one-year limitations period and prior to counsel's March 11, 2010 letter. Moreover, it has not escaped the Court's attention that Petitioner did not even make note of the idea that he received late notice of the denial of his certiorari petition in his Motion to Vacate. Instead he argued that certiorari was denied on March 29, 2009 when, in fact, it was denied on March 2, 2009.

As stated in this Court's April 20, 2010 Order, Petitioner's Motion to Vacate is untimely and his new explanation as to why his Motion to Vacate was not timely filed does not justify equitable tolling. Therefore, Petitioner's motion for reconsideration is denied.

**SO ORDERED.**

Signed: May 13, 2010

Richard L. Voorhees
United States District Judge